UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No. CV 17-5094 AG(JC) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | |
| SECRETARY OF CDCR, et al., | |
| Defendants. | |

**I.   BACKGROUND AND SUMMARY**

On July 11, 2017, plaintiff Christopher Lipsey, Jr., who is in custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against multiple defendants. On March 30, 2018, this Court, on the recommendation of the assigned United States Magistrate Judge who screened the Complaint and notified plaintiff of multiple deficiencies therein on December 14, 2017 ("December Recommendation"), dismissed the Complaint with leave to amend and directed plaintiff, within twenty days of the date of such order, to file a First Amended Complaint or a signed Notice of Dismissal ("March Order"). The

March Order expressly cautioned plaintiff in bold-faced print that the failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action, with or without prejudice, on the grounds set forth therein, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the March Order.

The deadline set forth in the March Order expired on April 19, 2018. To date, plaintiff has failed to file a First Amended Complaint or a Notice of Dismissal. Nor has plaintiff sought an extension of time or otherwise communicated with the Court since the issuance of the March Order.

## II. DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief can be granted, his failure to comply with the March Order, and his failure diligently to prosecute.

First, as explained in detail in the December Recommendation, the Complaint failed to state a claim upon which relief may be granted. The December Recommendation and the March Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading. The March Order granted plaintiff ample leave to file a First Amended Complaint to the extent he was able to cure the multiple identified pleading deficiencies. The March Order expressly cautioned plaintiff that the action may be dismissed if he failed timely to file a First Amended Complaint or a Notice of Dismissal. Since plaintiff failed to file a First Amended Complaint despite having been given an opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief and deems such failure an admission that amendment is futile. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the

requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014). Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the March Order, and the failure diligently to prosecute. It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

However, where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff was notified of the deficiencies in the Complaint and afforded the opportunity to amend effectively. Further, the March Order was not erroneous.

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors,

3

namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the March Order warrant dismissal.

**III. ORDER**

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

IT IS SO ORDERED.

DATED: May 16, 2018

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented this 9th day of May 2018 by:

\_\_\_/s/ Jacqueline Chooljian_____
HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

4